UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.            : | CRIMINAL NO. 3:17-128 |
| SHAVONNE SAXON,    : | (JUDGE MANNION) |
| Defendant     : | |

**MEMORANDUM**

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the Defendant Shavonne Saxon based upon the Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). (Doc. 125). For the reasons set forth below, the motion will be **DENIED** without the need for an evidentiary hearing.

**I.   BACKGROUND**

By way of relevant background, on August 21, 2015, a grand jury returned a six-count Superseding Indictment against Defendant. (Doc. 52). On January 1, 2019, Defendant entered into a plea agreement wherein she agreed to plead guilty to Counts 1 and 4 of the Superseding Indictment, in which she was charged with possession with intent to distribute cocaine base under 21 U.S.C. §841, and possession of a firearm in furtherance of a drug trafficking under 18 U.S.C. §924(c).  (Doc. 90).

On February 8, 2019, Defendant appeared in court, the court granted her motion to withdraw her plea of not guilty, and Defendant entered a guilty plea to Counts 1 and 4. (Doc. 97). The remaining Counts were dismissed.

A Presentence Report ("PSR") was ordered by the court and prepared by the Probation Office. A draft PSR was distributed to the parties on April 23, 2019, and a final PSR on June 12, 2019. On June 12, 2019, the Probation Office issued an addendum to the PSR, indicating that, while Defendant had no objection to the PSR, Defendant intended to provide argument as to why her criminal history category substantially over-represented the seriousness of her criminal history or the likelihood she would reoffend. On November 24, 2019, Defendant filed a sentencing memorandum arguing just that. (Doc. 116).

On November 25, 2019, the court sentenced Defendant to 72 months' imprisonment. (Doc. 117). Defendant did not file an appeal. Instead, on April 23, 2020, Defendant filed the present motion to vacate. (Doc. 125). On June 4, 2020, the government filed a brief in opposition. (Doc. 129). Defendant did not file a reply brief and the time to do so has expired.

## II. STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003)). The

defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, n.14 (1970)). However, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Ross v. Dist. Attorney of the Cnty. of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012).

In order to state a successful claim for ineffective assistance of counsel, a petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." *Ayers*, 938 F.Supp.2d at 113,

**III.    DISCUSSION**

In *United States v. Davis*, the Supreme Court held that 18 U.S.C. §924(c)(3)(B)'s residual clause definition of "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the

offense," was unconstitutionally vague. 139 S.Ct. at 2336. This was so, the Court held, since it required a "categorical" approach for determining whether an offense qualified as a crime of violence, wherein a judge would disregard how the defendant actually committed the crime and instead estimate "the degree of risk posed by a crime's imagined 'ordinary case.'" Id. at 2326.

In her present motion, Defendant argues that her Count 4 conviction under 18 U.S.C. §924(c) for possession of a firearm in furtherance of drug trafficking should be vacated pursuant to *Davis*. However, as the government observes, Defendant's conviction places her beyond the ambit of *Davis*.

*Davis* found the residual clause's definition of "crime of violence" was unconstitutionally vague. Its holding does not pertain to the definition of "drug trafficking crime" in 18 U.S.C. §924(c)(2) and, therefore, does not invalidate convictions for carrying a firearm in relation to a drug trafficking crime, as previously noted by this court as well as others within the Third Circuit. *See United States v. Elmy*, 2020 WL 94203, at *3 (M.D.Pa. Jan. 8, 2020) (denying a motion to vacate that argued *Davis* invalidated the defendant's conviction for using and possessing a firearm in relation to and in furtherance of a drug trafficking crime); *Figueroa v. Ortiz*, 2020 WL 2029496, at *4 (D.N.J. Apr. 28, 2020) ("*Davis* does not invalidate convictions for using and carrying a firearm in relation to a drug trafficking crime, as defined in §924(c)(2)."); *United*

States v. Price, No. 2:08-cr-312, 2020 WL 516357, at *6 (W.D.Pa. Jan. 23, 2020) (same).

Defendant also argues that her counsel was ineffective for failure to raise her *Davis* argument, presumably for failing to seek to have Count 4 of the Superseding Indictment dismissed; however, "counsel cannot be deemed ineffective for failing to raise a meritless claim." Ross, 672 F.3d at 211 n.9. *Davis'*s inapplicability to Defendant's charge in Count 4 is plain and her counsel cannot be considered ineffective for failure to pursue a legally meritless issue.

As a result, Defendant has not met her burden of showing her counsel's performance was deficient and her claim of ineffective assistance of counsel fails. United States v. Washington, 869 F.3d 193, 204 (3d Cir. 2017) ("[B]oth deficiency and prejudice must be proven to have a valid [ineffective assistance of counsel] claim for relief." (internal quotation marks omitted)).

IV. **EVIDENTIARY HEARING**

Although Defendant does not specifically request an evidentiary hearing, in its brief, the government argues that Defendant's motion should be denied without a hearing. The court agrees.

A court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

Here, Defendant's motion turns solely on a question of law and because the law, as well as the record, motion, files of this case, affirmatively indicate that Defendant is not entitled to relief, the court finds that no evidentiary hearing is required in this matter.

## V.  CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Thus, a defendant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court concludes that jurists of reason would not find the court's conclusion that *Davis* is inapplicable to Defendant's Count 4

conviction based upon completely different statutory language debatable. Accordingly, the court will not issue a COA.

### VI.   CONCLUSION

For the reasons set forth above, the court will **DENY** Defendant's motion to vacate. (Doc. 125). The court will not conduct an evidentiary hearing and a COA will not issue.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 12, 2021**
17-128-02